ORIGINAL

ROBERT G. FRAME          1449-0
CYNTHIA A. FARIAS        4108-0
MARK S. HAMILTON         7768-0
FRAME & NAKANO
Four Waterfront Plaza, Suite 575
500 Ala Moana Blvd.
Honolulu, HI 96813
info@framenakano.com
Telephone: (808) 545-3043
Facsimile: (808) 545-3065

THOMAS R. BEER           148175
DAWN N. VALENTINE        206486
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, CA 94108-2713
tbeer@bargerwolen.com
dvalentine@bargerwolen.com
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

*Pro hac vice application pending*

National Union Fire Insurance Company of Pittsburgh, PA and Chartis Specialty Insurance Company

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 18 2010
at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and CHARTIS SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>SUNSET HEIGHTS HAWAII, LLC; CRESCENT HEIGHTS ACQUISITIONS, INC.; CRESCENT HEIGHTS OF AMERICA, INC.; HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC. ALL POOL & SPA, INC.; CAULKIN HAWAII, INC.; DORVIN LEIS, INC.; | Civil No.: CV10 00480 JMS KSC<br><br>COMPLAINT FOR DECLARATORY RELIEF; EXHIBITS "A"-"G"; SUMMONS |

HAWAII, INC.; DORVIN LEIS, INC.; ISLAND FLOORING COMPANY, INC.; KALU GLASS COMPANY, INC.; PERMASTEELISA NORTH AMERICA CORP.; WASA ELECTRICAL SERVICES, INC.; SPECIALTY SURFACING COMPANY, HAWAII, INC.; ASSOCIATED STEEL WORKERS, LTD.; WICHERT TILE LTD.; ALCAL/ARCADE CONTRACTING, INC. DBA ALCAL HAWAII; BRUCE MATSON COMPANY, INC.; JAYCO HAWAII, INC.; SWANSON STEEL COMPANY, INC.; TAKANO NAKAMURA LANDSCAPING, INC.; THYSSENKRUPP ELEVATOR CORPORATION; WE PAINTING, INC.; GROUP BUILDERS, INC.; COMMERCIAL SHEETMETAL CO., INC.,

        Defendants.

Plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Chartis Specialty Insurance Company ("Chartis Specialty") complain of the above-named Defendants as follows:

## THE PARTIES

1. Plaintiff National Union is a Pennsylvania Corporation that maintains its principal place of business in New York, New York.

2. Plaintiff Chartis Specialty (formerly known as American International Specialty Lines Insurance Company) is an Illinois Corporation that maintains its principal place of business in New York, New York.

3. Upon information and belief, Defendant Sunset Heights Hawaii, LLC ("Sunset"), is a Delaware limited liability company with a principal place of business in Florida. Upon information and belief, Sunset's sole manager is Sunset Heights Hawaii Holdings, LLC.

4. Upon information and belief, Sunset Heights Holdings LLC is a Delaware limited liability company with a principal place of business in Florida. Upon information and belief, Sunset Heights Holdings, LLC's sole manager is Sunset Heights Hawaii Holdings II, LLC.

5. Upon information and belief, Sunset Heights Hawaii Holdings II, LLC is a Delaware limited liability company with a principal place of business in Florida. Upon information and belief, Sunset Heights

Hawaii Holdings II, LLC's sole manager is Sunset Heights Hawaii Holdings III, LLC.

6. Upon information and belief, Sunset Heights Hawaii Holdings III, LLC is Delaware limited liability company with a principal place of business in Florida. Upon information and belief, Sunset Heights Hawaii Holdings III, LLC's sole manager is CH Region 5 Holdings, LLC.

7. Upon information and belief, CH Region 5 Holdings, LLC is a Delaware limited liability company with its primary place of business in Florida. Upon information and belief, CH Region 5 Holdings, LLC's sole manager is Crescent Heights Property Holdings, LLC.

8. Upon information and belief, Crescent Heights Property Holdings LLC is a Delaware limited liability company with a principal place of business in Florida. Upon information and belief, Crescent Heights Property Holdings LLC has three managers each of whom are residents of Florida: Sonny Kahn, Russell W. Galbut, and Bruce A. Menin.

9. Upon information and belief, Defendant Crescent Heights Acquisitions, Inc. is a Florida Corporation with a principal place of business in Miami, Florida.

10. Upon information and belief, Defendant Crescent Heights of America, Inc. is a Florida Corporation with a principal place of business in Miami, Florida.

11. Upon information and belief, Defendant Hawaiian Dredging Construction Co., Inc. ("Hawaiian Dredging") is a Hawaii Corporation with a principal place of business in Hawaii.

12. Upon information and belief, Defendant All Pool and Spa, Inc. ("All Pool") is a Hawaii Corporation with a principal place of business in Hawaii.

13. Upon information and belief, Defendant Caulking Hawaii, Inc. ("Caulking") is a Hawaii Corporation with a principal place of business in Hawaii.

14. Upon information and belief, Defendant Dorvin Leis, Inc. ("Dorvin") is a Hawaii Corporation with a principal place of business in Hawaii.

15. Upon information and belief, Defendant Island Flooring Company, Inc. ("Island") is a Hawaii Corporation with a principal place of business in Hawaii.

16. Upon information and belief, Defendant Kalu glass Company, Inc. ("Kalu") is a Hawaii Corporation with a principal place of business in Hawaii.

17. Upon information and belief, Defendant Permasteelisa North America Corp. ("Permasteelisa") is a Delaware Corporation with a principal place of business in Connecticut.

18. Upon information and belief, Defendant Wasa Electrical Services, Inc. ("Wasa") is a Hawaii Corporation with a principal place of business in Hawaii.

19. Upon information and belief, Defendant Specialty Surfacing Company, Hawaii, Inc. ("Specialty Surfacing") is a Hawaii Corporation with a principal place of business in Hawaii.

20. Upon information and belief, Defendant Associated Steel Workers, Ltd. ("Associated Steel") is a Hawaii Corporation with a principal place of business in Hawaii.

21. Upon information and belief, Defendant Wichert Tile, Ltd. ("Wichert") is a Hawaii Corporation with a principal place of business in Hawaii.

22. Upon information and belief, Defendant Alcal/Arcade Contracting, Inc., (dba Alcal Hawaii) ("Alcal") is a Hawaii Corporation with a principal place of business in Hawaii.

23. Upon information and belief, Defendant Bruce Matson Company, Inc. ("Matson") is a Hawaii Corporation with a principal place of business in Hawaii.

24. Upon information and belief, Defendant Jayco Hawaii, Inc. ("Jayco") is a Hawaii Corporation with a principal place of business in Hawaii.

25. Upon information and belief, Defendant Swanson Steel Company, Inc. ("Swanson") is a Hawaii Corporation with a principal place of business in Hawaii.

26. Upon information and belief, Defendant Takano Nakamura Landscaping, Inc. ("Takano") is a Hawaii Corporation with a principal place of business in Hawaii.

27. Upon information and belief, Defendant Thyssenkrupp elevator Corporation ("Thyssenkrupp") is a Hawaii Corporation with a principal place of business in Hawaii.

28. Upon information and belief, Defendant WE Painting, Inc. ("WE Painting") is a Hawaii Corporation with a principal place of business in Hawaii.

29. Upon information and belief, Defendant Group Builders, Inc. ("Group Builders") is a Hawaii Corporation with a principal place of business in Hawaii.

30. Upon information and belief, Defendant Commercial Sheetmetal, Co., Inc. ("Sheetmetal") is a Hawaii Corporation with a principal place of business in Hawaii.

## JURISDICTION

31. This is an action for declaratory judgment pursuant to 28 U.S.C. section 2201 for the purpose of determining an actual controversy between the parties. Jurisdiction is based on the diversity of citizenship between the parties. The amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. Jurisdiction is proper pursuant to 28 U.S.C. section 1332.

## VENUE

32. Venue is proper in this court pursuant to 28 U.S.C. section 1391.

## THE POLICY

33.     National Union issued to Defendant Sunset Heights Hawaii, LLC Commercial General Liability Policy Number GL 933-29-24 with a policy term of November 24, 2003 to November 24, 2004. A copy of the 2003-2004 National Union Policy is attached hereto as Exhibit A.

34.     National Union issued to Defendant Sunset Heights Hawaii, LLC Commercial General Liability Policy Number GL 694-60-19 with a policy term of November 24, 2004 to November 24, 2005. A copy of the 2004-2005 National Union Policy is attached hereto as Exhibit B.

35.     National Union issued to Defendant Sunset Heights Hawaii, LLC Commercial General Liability Policy Number GL 155-84-83 with a policy term of November 24, 2005 to June 15, 2007. A copy of the 2005-2007 National Union Policy is attached hereto as Exhibit C and is incorporated by reference.

36.     Chartis Specialty issued to Defendant Sunset Heights an Excess Insurance Policy Number 7411810 with a policy term of November 24, 2003 to July 24, 2006. A copy of the binder for the Chartis Excess Policy is attached hereto as Exhibit D and is incorporated by reference.

37.     The National Union Policies and Chartis Specialty Policy were issued as part of an Owner-Controlled Insurance Program for the entities

involved in creating the Ko'olani Condominium Project in Honolulu, Hawaii ("the Project").

## THE UNDERLYING CLAIMS

38.    In March 2008 the Association of Apartment Owners of the Ko'olani Condominiums ("AOAO"), through its board of directors, filed a special proceeding in the Circuit Court of the First Circuit, State of Hawaii, against Defendants Sunset, Crescent Heights Acquisitions and Crescent Heights of America, Inc. (collectively "Sunset Defendants"). The Complaint filed by AOAO against the Sunset Defendants is attached hereto as Exhibit E and is incorporated by reference. The special proceeding was ordered to mediation and arbitration.

39.    The AOAO alleged that there were a variety of defects or deficiencies at Ko'olani, including design defects, construction defects, defects in material used in the construction, defects or deficiencies in products and/or appliances incorporated into the building or installed within the apartments. The AOAO alleged that the Sunset Defendants breached their obligations with respect to the development, planning, design, construction, installation, supervision, inspection, repair of the Ko'olani Project. The AOAO also alleged that the Sunset Defendants failed to enforce the

governing documents and failed to adhere to the terms of its own public reports and governing documents.

40. The AOAO alleged damages related to physical injuries to buildings and apartments as a result of improper development, design, and construction of the buildings, apartment and grounds and continuous and repeated exposure to conditions which resulted in damage or injury to the building, apartments and grounds.

41. Sunset also filed a Complaint in Hawaii State Court against the contractor on the Project, Hawaiian Dredging Construction Company, and numerous other subcontractors ("Contractor Defendants"). A copy of the State Court action filed by Sunset against the subcontractors ("the State Action") is attached hereto as Exhibit F and incorporated by reference.

42. In the State Action, Sunset alleged that the Contractor Defendants were responsible for the defects alleged by the AOAO in the arbitration. Sunset alleges specifically that Hawaiian Dredging, the contractor on the Project, failed to perform its obligations under its contract with Sunset.

43. Sunset alleged that it is entitled to indemnity by Hawaiian Dredging and the defendant subcontractors.

44. A third related complaint was filed by First Insurance Company of Hawaii, Ltd. ("First Insurance") against Defendants Hawaiian

Dredging and Dorvin (the "Subrogation Action"). Attached hereto as Exhibit G is the Complaint filed by First Insurance. First Insurance alleged that it was the property insurer for the AOAO Ko'olani that paid for losses allegedly caused by a leak caused by the faulty installation and/or construction and/or manufacture of a water pipe elbow. Dorvin was allegedly the plumbing subcontractor and Hawaiian Dredging was the general contractor allegedly responsible for the design, manufacture, assembly, supply, testing, marketing, promoting, selling and/or distributing or otherwise placing into the stream of commerce the subject water pipe which was defective.

45.  Sunset and Hawaiian Dredging have tendered the claims against them to National Union under the Policy. National Union has paid defense and repair costs under the Policy.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

46.  National Union and Chartis Specialty reallege and incorporate by reference each of the allegations made in paragraphs 1 to 45, inclusive.

47.  The Policies provides coverage for damages for which the insured is legally liable due to "Property Damage" caused by an

"Occurrence." The underlying claims by the AOAO of Ko'olani do not constitute "Property Damage" caused by an "Occurrence" as those terms are defined in the Policies.

48. Coverage under the Policies is also excluded for: property damage expected or intended from the standpoint of the insured; liability assumed in a contact or agreement; damage to Defendants' product, work and impaired property; damages rising out of the failure to render professional services by an engineer, architect, or surveyor employed by an insured or acting on an insured's behalf.

49. Plaintiffs have reserved all of their rights under the Policies.

50. On information and belief, Defendants dispute National Union and Chartis Specialty's contentions about coverage. An actual controversy exists between the parties as to their respective rights and obligations under the Policy.

WHEREFORE, Plaintiffs pray judgment as follows:

1. That the Court adjudicate and declare that the AOAO's underlying claims do not constitute "Property Damage" caused by an "Occurrence" under the terms of the National Union Policy.

2. That the Court adjudicate and declare that the AOAO's underlying claims do not constitute "Property Damage" caused by an "Occurrence" under the terms of the Chartis Specialty Policy.

3. That the Court adjudicate and declare that National Union does not have an obligation to indemnify any Defendant in the Arbitration, Underlying State Action or Underlying Subrogation Action.

4. That the Court adjudicate and declare that Chartis Specialty does not have an obligation to indemnify any Defendant in the Arbitration, Underlying State Action or Underlying Subrogation Action.

5. That the Court adjudicate and declare that National Union has no obligation to defend any Defendant in the Arbitration, Underlying State Action or Underlying Subrogation Action.

6. That the Court adjudicate and declare that Chartis Specialty has no obligation to defend any Defendant in the Arbitration, Underlying State Action or Underlying Subrogation Action.

7. That the Court adjudicate and declare that National Union has no obligation under the National Union Policy to compensate any

Defendant for the costs of and associated with repairing the Ko'olani Project.

8. That the Court adjudicate and declare that Chartis Specialty has no obligation under the Chartis Specialty Policy to compensate any Defendant for the costs of and associated with repairing the Ko'olani Project.

9. That the Court adjudicate and declare that National Union is entitled to recover the amounts it has forwarded under the National Union Policy for repairs of the Ko'olani Project and to defend any Defendant in the Arbitration, Underlying State Action or Underlying Subrogation Action.

10. That Plaintiffs recover their costs and disbursements herein.

11. For such other and further relief as the Court deems proper.

Dated: August 18, 2010

FRAME & NAKANO

By: _____
ROBERT G. FRAME
CYNTHIA A. FARIAS
MARK S. HAMILTON
Attorneys for Plaintiffs
NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA and
CHARTIS SPECIALTY
INSURANCE COMPANY