# EXHIBIT "F"

805-170
BURKE, McPHEETERS, BORDNER & ESTES

WILLIAM A. BORDNER 1371-0
JAMES T. ESTES, JR. 2000-0
DAVID Y. SUZUKI 6761-0
Suite 3100 - Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 523-9833
Fax No. (808) 528-1656

Attorneys for Plaintiff
SUNSET HEIGHTS HAWAII, LLC

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2008 JUL -3 PM 3:53

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SUNSET HEIGHTS HAWAII, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN DREDGING CONSTRUCTION CO., INC.; FIDELITY & DEPOSIT COMPANY OF MARYLAND; ZURICH AMERICAN INSURANCE COMPANY; JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE "NON-PROFIT" CORPORATIONS 1-20, and DOE GOVERNMENTAL ENTITIES 1-20,<br><br>Defendants. | Civ. No. 08-1-1350-07 GWBC<br>(Construction Defects)<br><br>COMPLAINT; SUMMONS; DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff, SUNSET HEIGHTS HAWAII, LLC, by and through their attorneys, Burke, McPheeters, Bordner, & Estes for relief against Defendants above-named, allege and aver as follows:

1. Plaintiff SUNSET HEIGHTS, LLC ("SUNSET HEIGHTS"), is, and at all times relevant herein was, a foreign limited liability company registered to do business in the State of Hawaii.

2. Defendant HAWAIIAN DREDGING CONSTRUCTION CO., INC., (hereinafter "DREDGING") is, and at all times relevant herein was, a domestic profit corporation incorporated under the laws of the State of Hawaii and registered to do business in the State of Hawaii.

3. Defendant FIDELITY & DEPOSIT COMPANY OF MARYLAND, (hereinafter "FIDELITY") is, and at all times relevant herein was, a foreign corporation doing business in the State of Hawaii.

4. Defendant ZURICH AMERICAN INSURANCE COMPANY, (hereinafter "ZURICH") is, and at all times relevant herein was, a foreign corporation doing business in the State of Hawaii.

5. Defendants John Does 1-20, Jane Does 1-20, Doe Partnerships 1-20, Doe Corporations 1-20, Doe "Non-Profit" Corporations 1-20, and Doe Governmental Entities 1-20 are sued herein under fictitious names for the reason that after diligent and good faith efforts to ascertain their names and identities through review of applicable records and through interviews,

their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, sureties, associates, vendors, suppliers, manufacturers, sub-contractors or contractors, architects, and/or owners, lessees, assignees, licensees, designers, and architects of the named Defendants and/or were in some manner presently unknown to the Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to SUNSET HEIGHTS.

6. On or about September 29, 2003, SUNSET HEIGHTS entered into a written contract with DREDGING for the construction, by DREDGING, of a condominium building, referred to as The Ko'olani Tower and related improvements (hereinafter "Ko'olani") located at 1189 Waimanu Street, Honolulu, Hawaii 96814.

7. On or about May 17, 2004, DREDGING contracted with FIDELITY and ZURICH for a performance bond for Ko'olani, Bond. No. 08724517. SUNSET HEIGHTS was identified as an owner and obligee under the Performance Bond.

8. In accordance with the contract between SUNSET HEIGHTS and DREDGING for construction of Ko'olani, FIDELITY AND ZURICH executed and delivered to SUNSET HEIGHTS, and SUNSET HEIGHTS accepted, the bond ensuring the faithful performance by DREDGING of the contract according to

its terms, plans, and specifications, and promising to pay to SUNSET HEIGHTS, on DREDGING'S failure to so perform, all damages caused by such a failure in a sum not exceeding $146,475,000.00.

9. The Association of Apartment Owners of Ko'olani (hereinafter, "AOAO") has instituted an arbitration proceeding against SUNSET HEIGHTS. In the proceeding, the AOAO alleges that there are various design and construction defects with Ko'olani. Although SUNSET HEIGHTS contests the allegations of the AOAO, if it should be determined that there are defects as alleged, DREDGING has a duty to indemnify SUNSET HEIGHTS for such defects.

10. On June 20, 2008 and subsequently, SUNSET HEIGHTS tendered to DREDGING, for defense and indemnity, the allegations of defects made by the AOAO.

11. DREDGING has failed to faithfully perform its contractual obligations to the satisfaction of SUNSET HEIGHTS and to defend, indemnify and protect SUNSET HEIGHTS with regard to the allegations and claims of the AOAO.

12. As a proximate result of DREDGING'S failure to faithfully perform the contract, SUNSET HEIGHTS has been or may be damaged, including but not limited to, costs to complete performance of DREDGING'S obligations under its contracts, and attorneys' fees and costs in the proceeding with the AOAO and/or other entities.

13. FIDELITY and ZURICH are jointly and severally liable to SUNSET HEIGHTS on the bond to pay any and all damages or losses sustained by SUNSET HEIGHTS by reason of DREDGING'S breach of the contract or other wrongful conduct.

14. SUNSET HEIGHTS has faithfully and fully performed all of the conditions and covenants required of it by the terms of its contracts with DREDGING and the terms of the aforementioned Performance Bond.

## COUNT I

15. SUNSET HEIGHTS repeats and realleges the allegations contained in paragraphs 1 through 14 above as though herein fully set forth.

16. DREDGING has breached its contracts with SUNSET HEIGHTS for construction of Ko'olani.

17. SUNSET HEIGHTS has suffered and will suffer damages, including attorneys' fees and costs, as a legal and proximate result of DREDGING'S breaches of contract in an amount to be proven at trial.

## COUNT II

18. SUNSET HEIGHTS repeats and realleges the allegations contained in paragraphs 1 through 17 above as though herein fully set forth.

19. DREDGING, and/or Doe Defendants, have breached their implied warranties to SUNSET HEIGHTS with regard to its workmanship or other construction related activities for Ko'olani.

20. SUNSET HEIGHTS has suffered and will suffer damages, including attorneys' fees and costs as a legal and proximate result of DREDGING'S breaches of implied warranties in an amount to be proven at trial.

**COUNT III**

21. SUNSET HEIGHTS repeats and realleges the allegations contained in paragraphs 1 through 20 above as though herein fully set forth.

22. DREDGING, and/or Doe Defendants, were negligent in their workmanship or other construction related activities for Ko'olani.

23. SUNSET HEIGHTS has suffered and will suffer damages, including attorneys' fees and costs, as a legal and proximate result of DREDGING'S negligence in an amount to be proven at trial.

**COUNT IV**

24. SUNSET HEIGHTS repeats and realleges the allegations contained in paragraphs 1 through 23 above as though herein fully set forth.

25. SUNSET HEIGHTS has suffered and will suffer damages, including attorneys' fees and costs as a legal and proximate result of DREDGING'S and/or Doe Defendants' errors or omissions in the construction of Ko'olani.

26. SUNSET HEIGHTS is entitled to equitable indemnification from DREDGING in amounts to be proven at trial.

## COUNT V

27. SUNSET HEIGHTS repeats and realleges the allegations contained in paragraphs 1 through 26 above as though herein fully set forth.

28. SUNSET HEIGHTS, as an obligee, is an intended beneficiary of the Performance Bond.

29. Defendants FIDELITY and ZURICH are obligated, to SUNSET HEIGHTS, under the Performance Bond, in amounts to be proven at trial, including attorneys' fees and costs.

WHEREFORE, SUNSET HEIGHTS prays for judgment in an amount in excess of the jurisdictional requirements of this Court against the above named Defendants, jointly and severally, as follows:

1. Special damages in an amount to be proven at trial.

2. General damages in an amount to be proven at trial.

3. Specific performance of obligations under the Performance Bonds.

4. Plaintiff's attorneys' fees, costs, prejudgment interest, and such other and further relief as the Court deems proper in the premises.

DATED: Honolulu, Hawaii, July 3, 2008.

WILLIAM A. BORDNER
JAMES T. ESTES, JR.
DAVID Y. SUZUKI
Attorneys for Plaintiff
SUNSET HEIGHTS HAWAII, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SUNSET HEIGHTS HAWAII, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN DREDGING CONSTRUCTION CO., INC.; FIDELITY & DEPOSIT COMPANY OF MARYLAND; ZURICH AMERICAN INSURANCE COMPANY; JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE "NON-PROFIT" CORPORATIONS 1-20, and DOE GOVERNMENTAL ENTITIES 1-20,<br><br>Defendants. | Civ. No. _____<br>(Construction Defects)<br><br>SUMMONS |

**SUMMONS**

THE STATE OF HAWAII:

To: Defendants HAWAIIAN DREDGING CONSTRUCTION CO., INC.; FIDELITY & DEPOSIT COMPANY OF MARYLAND; ZURICH AMERICAN INSURANCE COMPANY; JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE "NON-PROFIT" CORPORATIONS 1-20, and DOE GOVERNMENTAL ENTITIES 1-20:

You are hereby summoned and required to serve upon BURKE, McPHEETERS, BORDNER & ESTES, Plaintiff's attorneys, whose address is 737 Bishop Street, Suite 3100, Mauka Tower, Honolulu, Hawaii 96813,

respectively, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____JUL - 3 2008_____.

H. CHING   (SEAL)

CLERK OF THE ABOVE-ENTITLED COURT

...

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SUNSET HEIGHTS HAWAII, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>HAWAIIAN DREDGING CONSTRUCTION CO., INC.; FIDELITY & DEPOSIT COMPANY OF MARYLAND; ZURICH AMERICAN INSURANCE COMPANY; JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE "NON-PROFIT" CORPORATIONS 1-20, and DOE GOVERNMENTAL ENTITIES 1-20,<br><br>  Defendants. | Civ. No. _____<br>(Construction Defects)<br><br>DEMAND FOR JURY TRIAL |

**DEMAND FOR JURY TRIAL**

Plaintiff SUNSET HEIGHTS HAWAII, LLC hereby demands a trial by jury of all issues so triable herein.

DATED: Honolulu, Hawaii, July 3, 2008.

_____
WILLIAM A. BORDNER
JAMES T. ESTES, JR.
DAVID Y. SUZUKI
Attorneys for Plaintiff
SUNSET HEIGHTS HAWAII, LLC