# EXHIBIT "G"

LAW OFFICES OF DEAN E. OCHIAI

| | |
|---|---|
| DEAN E. OCHIAI | 2814 |
| BRENDA E. MORRIS | 3462 |
| RANDALL Y. KAYA | 3972 |
| ADRIAN Y. CHANG | 3165 |

1100 Ward Avenue, Suite 715
Honolulu, Hawaii 96814
Telephone: (808) 527-7104

Attorneys for Plaintiffs
FIRST INSURANCE COMPANY
OF HAWAII, LTD.

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 MAY 13 PM 2:30

N. ANAYA
CLERK

RECEIVED

MAY 19 2010

LAW DEPT.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC., DORVIN D. LEIS CO., INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE BUSINESS ENTITIES 1-10; DOE NON-PROFIT ENTITIES 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 10-1-1043-05 PWB <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW Plaintiff FIRST INSURANCE COMPANY OF HAWAII, LTD. ("Plaintiff"), by and through its attorneys, the Law Offices of Dean E. Ochiai, and hereby files

do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

LAW OFFICES OF DEAN E. OCHIAI

| | |
|---|---|
| DEAN E. OCHIAI | 2814 |
| BRENDA E. MORRIS | 3462 |
| RANDALL Y. KAYA | 3972 |
| ADRIAN Y. CHANG | 3165 |

1100 Ward Avenue, Suite 715
Honolulu, Hawaii 96814
Telephone: (808) 527-7104

Attorneys for Plaintiffs
FIRST INSURANCE COMPANY
OF HAWAII, LTD.

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 MAY 13 PM 2: 30

N. ANAYA
CLERK

RECEIVED
MAY 19 2010
LAW DEPT.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC., DORVIN D. LEIS CO., INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE BUSINESS ENTITIES 1-10; DOE NON-PROFIT ENTITIES 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 10-1-1043-05   PWB <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW Plaintiff FIRST INSURANCE COMPANY OF HAWAII, LTD. ("Plaintiff"), by and through its attorneys, the Law Offices of Dean E. Ochiai, and hereby files

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

LAW OFFICES OF DEAN E. OCHIAI

| | |
|---|---|
| DEAN E. OCHIAI | 2814 |
| BRENDA E. MORRIS | 3462 |
| RANDALL Y. KAYA | 3972 |
| ADRIAN Y. CHANG | 3165 |

1100 Ward Avenue, Suite 715
Honolulu, Hawaii 96814
Telephone: (808) 527-7104

Attorneys for Plaintiffs
FIRST INSURANCE COMPANY
OF HAWAII, LTD.

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 MAY 13 PM 2:30

N. ANAYA
CLERK

RECEIVED
MAY 19 2010
LAW DEPT.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD., <br><br>Plaintiffs,<br><br>vs.<br><br>HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC., DORVIN D. LEIS CO., INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE BUSINESS ENTITIES 1-10; DOE NON-PROFIT ENTITIES 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 10-1-1043-05  PWB<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW Plaintiff FIRST INSURANCE COMPANY OF HAWAII, LTD. ("Plaintiff"), by and through its attorneys, the Law Offices of Dean E. Ochiai, and hereby files

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

this Complaint against Defendants HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC., and DORVIN D. LEIS CO., INC. ("Defendants"), as follows:

COUNT I – JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff First Insurance Company of Hawaii, Ltd., was a corporation licensed to do business in the State of Hawaii.

2. At all times relevant herein, Defendant Dovin D. Leis Company, Inc., was a corporation licensed to do business in the State of Hawaii.

3. At all times relevant herein, Defendant Hawaiian Dredging Construction Company, Inc., was a corporation licensed to do business in the State of Hawaii.

4. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 are persons, corporations, partnerships, business entities, and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Plaintiffs. Plaintiffs have been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiffs have sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, and Plaintiffs will substitute the true names, identities, capacities, acts and/or omissions of the Doe Defendants when the same are ascertained.

5. All of the acts and occurrences alleged herein took place in or near Honolulu, Hawaii. Therefore, venue is appropriate in this Court.

## COUNT II – NEGLIGENCE OF DEFENDANTS

6. On or about May 14, 2008, a water leak developed at the AOAO Ko'olani, located at 1177 Queen Street, Honolulu, Hawaii 96814.

7. The leak resulted in property damage to several units within the Ko'olani building complex.

8. Upon further investigation, it was determined that the leak was caused by faulty installation and/or construction and/or manufacture of a water pipe elbow.

9. Upon information and belief, Defendant Dorvin Leis was the plumbing subcontractor, and Defendant Hawaiian Dredging was the general contractor, involved in the installation/construction and/or manufacture the subject water pipe elbow.

10. As a direct and proximate result of the negligence of Defendants, the AOAO Ko'olani suffered financial, property and other losses, which shall be shown at the time of trial.

11. Plaintiff, as the property insurer for AOAO Ko'olani, paid for the above-mentioned losses, and is therefore subrogated to those claims and/or losses.

## COUNT III – PRODUCTS LIABILITY: DEFENDANTS

12. Plaintiffs re-allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

13. Defendants and its agents designed, manufactured, assembled, supplied, tested, marketed, promoted, sold, and/or distributed or otherwise placed into the stream of commerce the subject water pipe elbow, which was proven to be defective.

3

14. Defendants negligently and carelessly designed, manufactured, assembled, supplied, tested, marketed, promoted, sold, and/or distributed the subject water pipe elbow, and all its component parts.

15. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained financial losses and damages described herein as shall be shown at the time of trial.

## COUNT IV – BREACH OF EXPRESS AND IMPLIED WARRANTIES

16. Plaintiffs re-allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

17. Defendants and their agents warranted and represented that installation of the subject water pipe elbow would be done properly, and that it would be safe for its intended purposes.

18. Defendants knew or should have known that the manner in which they installed the subject water pipe elbow was improper, and thereby breached their expressed and implied warranties to Plaintiff.

19. As a direct and proximate result of said breaches of express and/or implied warranties, Plaintiffs sustained financial losses and damages, to be proven at the time of trial.

## COUNT V – FAILURE TO WARN PLAINTIFFS

20. Plaintiffs re-allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

21. Defendants and their agents failed to warn Plaintiffs of an unreasonably dangerous condition which posed an unreasonable risk of harm to Plaintiffs. Notwithstanding such knowledge, Defendants failed to adequately warn Plaintiffs about the latent dangers and other dangers about the subject product.

COUNT VI – DOE DEFENDANTS

22. Plaintiffs re-allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

23. DOE DEFENDANTS are persons or entities whose wrongful acts and/or omissions in some way proximately caused or contributed to Plaintiff's injuries and damages in ways presently unknown to Plaintiffs.

24. DOE DEFENDANTS are vicariously liable for the negligence of their agents and/or employees through the doctrine of respondeat superior.

WHEREFORE, Plaintiffs demand judgment against Defendants and such Doe Defendants as will be added later, jointly and severally, for general and special damages in amounts that will be proven at trial, and for costs, interest from the date of the incident, reasonable attorneys' fees, and such other relief as the court deems just and proper. Plaintiffs contend that the amount of damages as alleged herein falls within the jurisdictional requirements of this Court.

DATED: Honolulu, Hawaii, MAY 13 2010

_____
DEAN E. OCHIAI
BRENDA E. MORRIS
RANDALL Y. KAYA
ADRIAN Y. CHANG
Attorneys for Plaintiffs
FIRST INSURANCE COMPANY
OF HAWAII, LTD.,

5

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC.; DORVIN D. LEIS CO., INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE BUSINESS ENTITIES 1-10; DOE NON-PROFIT ENTITIES 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. _____ <br><br><br> SUMMONS |

## SUMMONS

To the above-named Defendants HAWAIIAN DREDGING CONSCTRUCTION COMPANY AND DORVIN D. LEIS CO., INC.:

You are hereby summoned and required to serve upon Dean E. Oohlai, Plaintiff FIRST INSURANCE COMPANY OF HAWAII, LTD.'s attorney, whose address is 1100 Ward Avenue, Suite 715, Honolulu, Hawaii 96814, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, __MAY 1 3 2010__

N. ANAYA

CLERK OF THE ABOVE-ENTITLED COURT

[SEAL: FIRST CIRCUIT COURT]

-2-